NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1265
_____

CARLTON THEODORE LANDIS,
Appellant

v.

DAVID J. EBBERT; IAN CONNERS; J. RAY ORMOND; J. KONKLE; HUGH
HERWITZ; D. LANGTON; J. SAVIDGE; M. CONDIT; STEESE; HACKENBURG;
CRESSINGER; J. SIENKIEWICZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00244)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2022
Before: JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed December 8, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Carlton Landis appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm.

At all relevant times, Landis was incarcerated at United States Penitentiary Lewisburg in Pennsylvania. Landis filed a complaint alleging that prison officials violated federal civil rights laws by conspiring to deprive him of recreation privileges because he is African-American, see 42 U.S.C. §§ 1985(3), 1986, and committed state tort violations. The District Court screened the complaint, dismissed it for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and extended Landis leave to amend his § 1985(3) claim. Landis timely appealed, electing to stand on his original complaint. See C.A. No. 14 at p. 3; see also Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019). We have jurisdiction to consider the appeal under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

To state a § 1985(3) claim, Landis must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . ; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828–29 (1983)). The allegations for a conspiracy must be "based in fact" and not "merely upon [the plaintiff's] own suspicion and speculation." Young v. Kann, 926 F.2d 1396, 1405

2

n.16 (3d Cir. 1991); see also D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (conclusory allegations are not sufficient to state a § 1985(3) claim).

We agree with the District Court that Landis failed to plead facts sufficient to allege that a conspiracy existed. In his complaint, Landis alleged that, on September 18, 2018, defendants tried to place him in a cell with another inmate to instigate black-on-black violence. See ECF No. 1 at p. 9. On the way to the cell, Landis complained to prison officials about the dangerous assignment. The assignment did not come to fruition because the other inmate prohibited Landis from entering. Defendant Hackenburg escorted Landis to an unoccupied cell and "threatened to exact revenge on [Landis] because of his race and his complaints about the dangerous cell assignment." Id. at p. 10. Later that day, Landis learned he had lost his recreation privileges. Id. Defendant Konkle informed him that the revocation occurred because Landis was "not properly prepared." Id. Around October 5, his privileges were reinstated but he was assaulted by a staff member. Three days later, Landis lost his recreation privileges for complaining about that assault, and his privileges were not reinstated until June 2019. Id. at p. 11. Defendants' statements and the months-long revocation of privileges are insufficient to state a conspiracy claim. While Landis maintained that defendants acted maliciously in revoking his privileges, those allegations are speculative at best. Nor does his conclusory allegation that defendants "agreed via written and oral communication" to revoke his privileges, id. at p. 18, show that they conspired against him. Accordingly, we reject

3

Landis's contention that a conspiracy "can be readily gleaned from the complaint," C.A.

No. 22 at p. 4,[1,2] and will affirm the District Court's judgment.

---

[1] As discussed, the District Court granted Landis leave to amend his complaint as to the conspiracy claim, and Landis specifically rejected that offer.

[2] Landis's remaining arguments also lack merit. The District Court did not err in dismissing his complaint at the screening stage. Indeed, it was obligated to do so. See Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). Nor did the District Court err in dismissing his state tort claims. Landis argues that defendants acted outside the scope of their employment in revoking his recreation privileges. In his view, state law should govern his tort claims because the Federal Tort Claims Act (FTCA) only applies to defendants acting within the scope of their employment. See C.A. No. 22 at p. 5. Landis's scope-of-employment allegation does not transform his tort claims to ones arising under state law. The FTCA is the proper vehicle for litigating tort claims against federal prison officials. See 28 U.S.C. §§ 2674, 2679. Because Landis explicitly stated he was not seeking relief under the FTCA, see ECF No. 1 at p. 3, the District Court correctly dismissed the state tort claims for lack of jurisdiction. See ECF Nos. 13 & 14.